# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-349V
Filed: December 30, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | UNPUBLISHED |
| CANDACE L. HOLMES, | * | |
| | * | Special Master Hamilton-Fieldman |
| Petitioner, | * | |
| | * | |
| v. | * | Attorney's Fees and Costs; |
| | * | Unopposed |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | | |

Nancy R. Meyers, Ward Black Law, Greensboro, NC, for Petitioner.
Claudia Gangi, United States Department of Justice, Washington, DC, for Respondent.


## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On March 17, 2016, Candace L. Holmes ("Petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act"). Petitioner alleged that the administration of a trivalent influenza ("flu") vaccine on January 14, 2015 caused her to develop pseudotumor cerebri. Pet. at 1-2, ECF No. 1. On December 19, 2016, Petitioner submitted an Unopposed Motion for Attorneys' Fees and Costs. ECF No. 21. The undersigned, finding that the motion is unopposed and the fees requested are reasonable, hereby awards Petitioner the compensation requested in her motion for attorneys' fees.

On December 27, 2016, the parties submitted a Stipulation of Dismissal. ECF No. 23. An Order Concluding Proceedings Pursuant to Vaccine Rule 21(a) was entered on December 29, 2016. ECF No. 24. On December 19, 2016, Petitioner submitted an Unopposed Motion for Attorneys' Fees and Costs. ECF No. 21. Petitioner requested an award of $11,035.00 for fees and $843.50

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

for costs, totaling $11,878.50. Respondent did not object to this request, finding it reasonable. Petitioner noted, "Respondent's lack of objection to the amount sought in this case should not be construed as an admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs."

Therefore, in accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. **Accordingly, the undersigned hereby awards the amount of $11,878.50, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Nancy R. Meyers, of Ward Black Law, for attorneys' fees and costs.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[2] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).